IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EDDIE BERNARD MCCOOL,<br><br>Petitioner,<br><br>vs.<br><br>DORA B. SCHRIRO, et al.,<br><br>Respondents. | No. CV 07-300-PHX-SRB (CRP)<br><br>**REPORT AND<br>RECOMMENDATION** |

Eddie McCool ("Petitioner"), presently an inmate at the Arizona State Prison Complex in Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on February 9, 2007. (Doc 1). Petitioner challenges his state court conviction, alleging three grounds of error including ineffective assistance of trial counsel, due process violations and cruel and unusual punishment.

The Government contests the Petition arguing Petitioner's claims are procedurally barred. This Court has reviewed the Petition, the Government's Response and the record. (Docs 1, 14). It is the recommendation of this Court that the District Judge, after her independent review, dismiss the Petition. Petitioner's claims are procedurally defaulted.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. Petitioner's Criminal Trial

On April 1, 2004, a jury convicted Petitioner of two counts, attempted aggravated assault and aggravated assault. (Doc 14, Ex A, p 3). The two counts derived from an incident in April 2003 when Petitioner was observed swerving his car through traffic, driving up onto a sidewalk, striking a pedestrian and pinning him against a wall. (Doc 14, Ex H, pp 3-4). At trial it was shown Petitioner's blood alcohol content on the day of the accident was 0.207, more than two and a half times above the limit at which people are considered impaired for the purpose of driving. (Doc 14, Ex H, p 5).

After striking the pedestrian, Petitioner exited his vehicle, briefly observed the pedestrian and then got back into his car and attempted to drive through a nearby alley. (Doc 14, Ex H, p 4). The alley was a dead end and Petitioner was trapped. (Doc 14, Ex H, p 4). Petitioner again exited his vehicle. (Doc 14, Ex H, p 4). A group of people who witnessed the accident had followed Petitioner's car into the alley and tried to prevent him from leaving. (Doc 14, Ex H, p 4). As the group tried to prevent Petitioner from leaving the scene, Petitioner began brandishing a knife. (Doc 14, Ex H, p 4). A firefighter who arrived on the scene observed Petitioner holding the knife in "an attack posture" and lunging at the group of people. (Doc 14, Ex H, p 4). The firefighter approached Petitioner and told him to drop the knife. (Doc 14, Ex H, p 4). Eventually, the firefighter backed Petitioner into a fence and Petitioner was subdued by a police officer. (Doc 14, Ex H, p 4).

For striking the pedestrian, Petitioner was convicted of the aggravated assault and received five years imprisonment. Petitioner was convicted of the attempted aggravated assault for brandishing the knife against the firefighter; he received a concurrent four year prison term for that offense. (Doc 14, Ex B). The trial judge

mitigated both of Petitioner's counts because of his age, poor health, absence of a past criminal record and lack of serious injury to the victims. (Doc 14, Ex H, p 5; Ex M).

**B.     Petitioner's Direct Appeal**

After his sentencing, Petitioner's counsel filed an *Anders* brief, avowing that she found no arguable question of law that is not frivolous. (Doc 14, Ex D); *see Anders v. California*, 386 U.S. 738 (1967). Counsel also filed a motion to allow Petitioner to file a supplemental brief pro per. (Doc 14, Ex E). Petitioner filed his supplemental brief and subsequently an amended supplement brief. (Doc 14, Exs F, I). Both briefs, as with most of Petitioner's filings, are somewhat incomprehensible.[1] In his briefs, Petitioner made the following allegations:

  1.  Multiple ineffective assistance of counsel claims;

  2.  Improper admission of the blood alcohol content test results because the State failed to prove chain of custody; and

  3.  Eighth Amendment violation: error in calculating pre-sentence incarceration credit for not crediting Petitioner for days prior to trial when he was released on bond;

(Doc 14, Exs F, I).

In March 2005, the Arizona Court of Appeals denied Petitioner's appeal and affirmed his conviction. (Doc 14, Ex H). The appellate court did not reach the merits of Petitioner's ineffective assistance of counsel claims, finding that those claims must be brought under Arizona Rule of Criminal Procedure 32.

---

[1] For example, Petitioner's first issue presented in his Supplemental Brief to the Arizona Court of Appeals reads as follows: "[w]here is it inescapable that the Appellant sought to invoke the substance of his SIXTH AMENDMENT RIGHT; to have compulsory process under the Confrontational Clause, and to have the Assistance of Counsel for his self-defense claim? The asserted FOURTEENTH AMENDMENT RIGHT to due process must be more evident than it is here, because a jury must be able to identify with a defendant in order for a fair trial." (Doc 14, Ex F, p 3).

-3-

The Court also found no error in the trial court's admission of testimony regarding the blood vials' chain of custody. Even though the prosecution failed to disclose to the defense handwritten notes that proved chain of custody and the trial judge properly excluded those notes, the prosecution presented testimony showing the continuity of possession.

Finally, the appellate court denied Petitioner's allegation that his pre-sentence incarceration credit was not correct. The appellate court pointed out Petitioner was arguing he should receive pre-sentence credit for the time he was released on bond, which is incorrect. After the appellate court denied his claims, Petitioner did not file a petition for review with the Arizona Supreme Court.

**C.     Petitioner's Collateral Appeal**

In October 2005, Petitioner filed his post-conviction relief appeal ("PCR Appeal"). (Doc 14, Ex L). In his PCR Appeal, Petitioner alleged multiple claims including:

    1. Violation of Sixth Amendment right to impartial jury;

    2. Failure of trial judge to allow Petitioner to file for commutation, which judge previously agreed he would permit;

    3. Violation of Sixth Amendment right to effective counsel because (a) trial counsel deprived Petitioner of alleged evidence to prove Petitioner was not at scene of crime including "D.N.A. [sic] evidence or any other evidence to match the pictures of the skid marks used as evidence against the Petitioner"; (b) trial counsel failed to obtain evidence of his prior criminal history; (c) Petitioner also asserted that his counsel was somehow ineffective because Petitioner "could not appreciate the wrongfulness of his accused act do [sic] to his state of mind of thinking that he needed to protect himself from the angry group of mexican's [sic]." (Doc 14, Ex L);

    4. Newly discovered evidence, which in fact was present at the time of trial;

    5. State's witnesses committed perjury, although Petitioner does not allege specific witnesses nor specific parts of testimony;

    6. Eighth Amendment violation because Petitioner's sentence was improperly aggravated with a prior felony conviction.

(Doc 14, Ex L, pp 4-5).

1 | The trial court dismissed Petitioner's PCR Appeal, except it did agree with Petitioner that the trial judge had previously told Petitioner he would be allowed to file a request for commutation with the Board of Clemency. (Doc 14, Ex M, p 1-2). The trial court subsequently submitted the order permitting Petitioner to apply for commutation.

Regarding Petitioner's ineffective assistance of counsel claims, the trial court stated "defendant merely states legal principles or conclusions and presents nothing more than speculation as to what would have happened if counsel had done a better job." (Doc 14, Ex M, p 2). The trial court proceeded to summarize Petitioner's claims and dismiss them. (Doc 14, Ex M, pp 2-3).

Petitioner appealed the trial court's decision in February 2006. (Doc 14, Ex N). Petitioner again generally argued ineffective assistance of counsel, stating his attorney was not "truthful about everything involved in the criminal prosecution process" and acted "as a double agent" ostensibly working with the prosecution. (Doc 14, Ex N, p 2). Later in his petition, Petitioner argued counsel "knew that the state had evidence which could have assisted the petitioner in his defense, and that the priors would be utilized to enhance his sentence, yet counsel allowed the petitioner to be prejudiced to such an extent..." (Doc 14, Ex N). Petitioner also claimed evidence was not admitted at trial and that new evidence was now available. Petitioner appears to claim 911 tapes and photographs from the scene of the crime would have exonerated him or somehow proven that he did not have wrongful intent to commit the crimes. Petitioner's other general claims included state-supported perjury and prosecutorial misconduct. Finally, Petitioner claimed "institutional problems and structural defects denied [him] his Fourth, Fifth, Sixth, and Fourteenth amendment [sic] rights and state created liberty interests" as well as a denial of his Fourteenth Amendment right for the court's refusal to make a record and deny him an evidentiary hearing. (Doc 14, Ex N).

1 | The Arizona Court of Appeals denied review and Petitioner did not appeal to the Arizona Supreme Court. (Doc 14, Ex O).

**D.　Petitioner's Federal Appeal**

Petitioner timely filed a federal habeas petition on February 9, 2007. (Doc 1). In his Habeas Petition, Petitioner asserts three grounds for relief. Those grounds are:

> 1. Sixth Amendment violations: (a) Ineffective assistance of trial counsel for failing to raise a question of mens rea because Petitioner was retreating from the firefighter, even though he was brandishing his knife; (b) ineffective assistance of trial counsel for failing to "establish Petitioner in altered state of consciousness";
>
> 2. Fourteenth Amendment violation: Arizona's A.R.S. §§ 13-1203 and 13-1204 are void for vagueness and Petitioner denied "due process where similar application to white men are extremely different see DUI statistics also the loose application to men of color by state prosecutors"; and
>
> 3. Eighth Amendment violation: "Petitioner's first felony offense, 62 yrs of age, with drinking problem was sentenced to prison with health problems D.O.C. is not able to properly manage. Discrimination in penalty application is cruel and unusual. Where Priest who hide [sic] child molesting priest kills a man and receives probation."

(Doc 1).

**II.　ANALYSIS**

**A.　Timeliness**

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The Government does not allege the Petition is untimely and it does not appear to be untimely. Petitioner's petition for review of his collateral appeal was denied by the Arizona Court of Appeals on November 14, 2006. At that time Petitioner had thirty days to file a petition for review with the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a). The day after his right to file a petition expired, December 15, 2006, the AEDPA's statute of limitations was triggered. Petitioner's right to file a federal habeas petition would not have expired until December 15, 2007. Petitioner filed his federal habeas petition on February 9, 2007. Petitioner's Habeas Petition is timely.

**B.     Exhaustion and Procedural Default**

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available state-court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Arizona, it is sufficient for a state prisoner to fairly present his claims to the Arizona Court of Appeals; he does not have to appeal those claims to the Arizona Supreme Court. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999). Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations omitted).

A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident." *Gatlin v. Madding*, 189 F.3d 888 (9th Cir.1999). "[I]t is not

-7-

enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996) (internal citations omitted).

In the case before this Court, Petitioner asserts three grounds for relief. In Ground I, Petitioner asserts a violation of his Sixth Amendment rights due to ineffective assistance of counsel because his counsel (1) failed to show that he lacked mens rea to commit the attempted assault on the firefighter because he was retreating, and (2) failed to show that he was in an altered state of consciousness. While Petitioner raised, somewhat incomprehensibly, ineffective assistance of counsel claims in state court he did not raise the two claims he now brings in his federal habeas petition.

In state court on direct appeal, Petitioner vaguely made multiple ineffective assistance of counsel claims. The Court of Appeals did not rule on the merits of these claims. Rather, the appellate court correctly found that these claims were inappropriately raised. Ineffective assistance of counsel claims must be brought under Arizona Rule of Criminal Procedure 32 during a collateral appeal. (Doc. 14, Ex. H).

In his PCR appeal, Petitioner raised some ineffective assistance of counsel claims, but not the claims he now brings to this Court. In his briefing to the trial court, Petitioner did raise a mens rea-like argument when he stated that his counsel was somehow ineffective because Petitioner "could not appreciate the wrongfulness of his accused act do [sic] to his state of mind of thinking that he needed to protect himself from the angry group of mexican's [sic]." (Doc. 14, Ex. L). However, Petitioner did not argue how or what his counsel should have done differently regarding Petitioner's state of mind. The argument is even further confused by the fact that Petitioner raised it in the context of allegations that he was never at the crime scene at all and that his counsel was ineffective for failing to present DNA evidence that would show that he was not there. This argument does not make sense as

1  multiple witnesses identified Petitioner at the scene and DNA evidence was never an
2  issue at trial. In denying his ineffective assistance of counsel claims, the trial court
3  pointed out the severe insufficiencies in Petitioner's arguments. It stated "defendant
4  merely states legal principles or conclusions and presents nothing more than
5  speculation as to what would have happened if counsel had done a better job." (Doc
6  14, Ex M, p 2).

7  Further problematic for Petitioner, in appealing the trial court's denial of his PCR appeal, Petitioner brought new claims of ineffective assistance of counsel rather than exhaust the claims he originally took to the trial court. At the trial court, Petitioner argued his counsel was ineffective for failing to show he lacked mens rea because he was scared and retreating from the firefighter. To the appellate court, Petitioner changed his argument and asserted he lacked mens rea because he was in an "altered state of consciousness." Appearing to make a voluntary intoxication argument, Petitioner seems to assert he was so intoxicated that his action were not voluntary. Petitioner does not state how or what his attorney should have done differently regarding this argument and Petitioner makes this argument for the first time in front of the appellate court.

Petitioner did not exhaust the ineffective assistance of counsel claims that he now brings in his habeas petition. The claims of ineffective counsel that Petitioner asserted to the state courts lacked clarity and Petitioner presented different claims to the trial court and appellate court. This lack of clarity and consistency of Petitioner's claims of ineffective assistance of counsel at each stage of the appellate process deprived the state court of an adequate "opportunity to pass upon and correct alleged violations of [the] prisoners' federal rights." *Baldwin*, 541 U.S. at 29. Because Petitioner's claims under Ground I were not raised at each level of the state's appellate review process, they are not exhausted.

In Ground II, Petitioner asserts a violation of his Fourteenth Amendment rights because Arizona's A.R.S. §§ 13-1203 and 13-1204 are void for vagueness, and the statutes are applied differently to white men than to men of color. Neither the Petitioner's void for vagueness argument, nor the argument that the statutes are applied inconsistently to different races are exhausted. Nowhere in Petitioner's direct appeal or his PCR Appeal does Petitioner mention 'void for vagueness', draw into question the validity of the two statutes cited in this ground of his habeas petition, or suggest the statutes are applied differently based on race. Petitioner's claims in Ground II are also not exhausted.

In Ground III, Petitioner asserts that his Eighth Amendment rights were violated because his sentence amounted to cruel and unusual punishment. While Petitioner argued Eighth Amendment violations in his state appeals, those are not the same violations he now alleges in his federal petition.

In state court on direct appeal, Petitioner argued that his Eighth Amendment rights were violated because there was an error in calculating his pre-sentence incarceration credit. (Doc 14, Ex I). Later, in his PCR appeal, he argued that his Eighth Amendment rights were violated because his sentence was improperly aggravated by a prior felony conviction. (Doc 14, Ex L, pp 4-5). In his federal habeas petition, Petitioner now argues that his sentence is cruel and unusual because the trial judge did not take into account mitigating factors, such as his age and health issues. Petitioner also asserts his sentence is unfair because a "molesting priest kills a man and receives probation." (Doc. 1). These Eighth Amendment claims are not exhausted. Furthermore, the trial judge did take into account Petitioner's age, health and other factors and mitigated Petitioner's sentence.

If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable

showing of actual innocence. *See Gray*, 518 U.S. at 162. Petitioner fails to show cause or prejudice for the default or a fundamental miscarriage of justice. *Teague v. Lane*, 489 U.S. 288, 298 (9th Cir.1989). When a petitioner's claims are procedurally barred and the petitioner has not shown cause or prejudice for the default, "the district court dismisses the petition because the petitioner has no further recourse in state court." *Franklin,* 290 F.3d at 1231 (internal citations omitted). Therefore, this Court recommends the federal habeas petition be dismissed because Petitioner's claims are procedurally defaulted.

## III. RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court, after its independent review and analysis, enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: cv-07-300-SRB.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 21st day of September, 2009.

*[signature]*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE